IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02379-BNB

PATRICIA RUDD,

      Plaintiff,

v.

COLORADO SPRINGS POLICE DEPT.,
SERGEANT KNOLLHOFF, 1129P,
GABRIELSON, 2150, and
SERGEANT DERIN J. GRIMES, 193,

      Defendants.

**F I L E D**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 24 2009

**GREGORY C. LANGHAM**
**CLERK**

_____

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

_____

Plaintiff, Patricia S. Rudd, has filed **pro se** a motion and affidavit for leave to

proceed pursuant to 28 U.S.C. § 1915 and an amended complaint. She alleges

diversity jurisdiction pursuant to 28 U.S.C. § 1332 and federal question jurisdiction

pursuant to 28 U.S.C. § 1331 over 42 U.S.C. § 1983 civil rights claims. She asks for

money damages as relief. Ms. Rudd has been granted leave to proceed **in forma**

**pauperis** pursuant to § 1915.

The Court must construe the amended complaint liberally because Ms. Rudd is

not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972);

**Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not

be an advocate for a **pro se** litigant. **See Hall**, 935 F.2d at 1110. For the reasons

stated below, Ms. Rudd will be ordered to file a second amended complaint.

Ms. Rudd complains that on October 27, 2006, Colorado Springs police officers conducted a warrantless search of her residence. She alleges that she suffered injuries in the course of the search.

To the extent Ms. Rudd is relying upon the Court's federal question and civil rights jurisdiction, rather than diversity jurisdiction, she is suing an improper defendant. She may not sue the Colorado Springs Police Department. The police department is not a separate entity from Colorado Springs and, therefore, is not a person under 42 U.S.C. § 1983. *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993). The claims asserted against the Colorado Springs Police Department must be considered as asserted against Colorado Springs.

In addition, municipalities and municipal entities are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). Ms. Rudd cannot state a claim for relief under § 1983 merely by pointing to isolated incidents. *See Monell*, 436 U.S. at 694.

Ms. Rudd fails to allege any personal participation by the defendant police officers, Gabrielson, No. 2150, or Sergeant Derin J. Grimes, No. 193, in the alleged civil rights violations. Personal participation by the named defendants is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th

2

Cir. 1976) *Id.* Ms. Rudd must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Ms. Rudd may use fictitious names, such as Jane or John Doe, if she does not know the real names of the individuals who allegedly violated her rights. However, if Ms. Rudd uses fictitious names she must provide sufficient information about each defendant so that each defendant can be identified for purposes of service.

The second amended complaint Ms. Rudd will be directed to file must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement

3

of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Ms. Rudd must allege which claims against which defendants are asserted pursuant to federal question jurisdiction and which claims against which defendants are asserted pursuant to diversity jurisdiction. She also must assert, simply and concisely, her specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated her rights. In order for Ms. Rudd "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Lastly, she must assert the relief she seeks.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the amended complaint does not meet the requirements of Fed. R. Civ. P. 8 and that Ms. Rudd should be given an opportunity to file a second amended complaint.

4

Finally, Ms. Rudd must provide sufficient copies of the second amended complaint to serve each named defendant. The Court will not make the copies necessary for service. Accordingly, it is

ORDERED that Plaintiff, Patricia S. Rudd, file **within thirty (30) days from the date of this order** an original and a copy of a second amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order. It is

FURTHER ORDERED that the second amended complaint shall be titled "Second Amended Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Ms. Rudd, together with a copy of this order, two copies of the following form to be used in submitting the second amended complaint: Complaint. It is

FURTHER ORDERED that Ms. Rudd submit sufficient copies of the second amended complaint to serve each named defendant. It is

FURTHER ORDERED that, if Ms. Rudd fails to file an original and sufficient copies of a second amended complaint that complies with this order to the Court's satisfaction within the time allowed, the amended complaint and the action will be dismissed without further notice.

DATED February 24, 2009, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 08-cv-02379-BNB

Patricia S. Rudd
335 E. Broadway Apt. 205
Excelsior Springs, MO 64024

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Complaint form** to the above-named individuals on 2/24/09

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk